UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MASTER SERGEANT THERESA FREEMAN,
    Plaintiff,

    V.

CV _____

COMMISSIONER JOHN A. DANAHER III,
MAJOR MARK NEWLAND, LT COL. PETE
TERENZI, LIEUTENANT SHAWN BOYNE,
MAJOR BUTCH HYATT, and THE CONNECTICUT
DEPARTMENT OF PUBLIC SAFETY.
    Defendants.                     November 3, 2008

**COMPLAINT**

1. This is an action claiming violations of the plaintiff's rights arising under the First and Fourteenth Amendments to the United States Constitution in that plaintiff has been retaliated against for speaking out about matters of public concern.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28, and 42 U.S.C. § 1983.

3. THERESA FREEMAN was at all time relevant to this complaint, and remains, a Master Sergeant, employed by the Connecticut Department of Public Safety, Connecticut State Police.

4. Commissioner JOHN A. DANAHER, III was at all time relevant to this complaint, and remains, the Commissioner of the Department of Public Safety, Connecticut State Police. He is sued in his individual capacity only.

5. Major MARK NEWLAND was at all time relevant to this complaint, an employee of the Connecticut State Police, in February 2007 holding the title of Lieutenant at Troop L, and promoted to Major, in Spring of 2008. He is sued in his individual capacity only.

6. Lieutenant Colonel PETE TERENZI was at all time relevant to this complaint, and remains, an employee of the Connecticut State Police. He is sued in his individual capacity only.

7. Lieutenant SHAWN BOYNE was at all times relevant to this complaint, employed by the Connecticut State Police, currently the Lieutenant of Troop L. He is sued in his individual capacity only.

8. Major BUTCH HYATT was at all time relevant to this complaint an employee of the Connecticut State Police. He is sued in his individual capacity only.

9. The CONNECTICUT DEPARTMENT OF PUBLIC SAFETY is the agency under which the Connecticut State Police is authorized. The Department is subject to suit pursuant to C.G.S.A. § 31-51q.

10. At all times relevant to this action the defendants, each of them, jointly and severally, were acting under color of law and in their capacity as law enforcement officers.

11. The plaintiff has been a member of the Connecticut State Police since 1987.

12. Plaintiff provided information to the New York/Connecticut joint investigative task force that investigated and substantiated pervasive corruption in the Connecticut State Police. The report of that task force was issued in 2006.

13. In December 2006, plaintiff was the Master Sergeant of Troop L, thereby second in command at the troop.

14. On or about December 2006, plaintiff learned of illegal activity on the part of several members of the Connecticut State Police.

15. Shortly thereafter, plaintiff reported that activity to the whistleblowers division of the Attorney General's office.

16. During this time, plaintiff was a newly appointed Master Sergeant and was subject to monthly evaluations by her Lieutenant, Mark Newland.

17. In February 2007, Mark Newland wrote an unfavorable performance observation report that criticized plaintiff for reporting the potentially illegal activity and ordered her not report any

such activity to the whistleblowers division of the Attorney General's office, but to instead follow the chain of command.

18. As a result of the unfavorable performance observation report, plaintiff was passed over for promotion in April 2007.

19. At all times relevant plaintiff was known as an official of the Connecticut State Police that has cooperated in ferreting out corruption in the Connecticut State Police.

20. In August 2008, a Trooper provided deposition testimony that incorrectly stated that plaintiff filed a whistleblower complaint against her then Lieutenant, Shawn Boyne.

21. Plaintiff had not filed a complaint against Lieutenant Boyne.

22. Defendant Boyne did not discuss this situation with plaintiff, but instead changed the locks on his office door, did not provide plaintiff with a key, and refused to speak or work with plaintiff.

23. Shortly thereafter, plaintiff notified Major Hyatt, and sent communications to Commissioner Danaher, about the issues occurring at Troop L with Lieutenant Boyne. Those individuals are plaintiff's superiors in the chain of command. Plaintiff also notified other outside individuals regarding the situation.

24. Lieutenant Colonel Terenzi was notified of the situation in Troop L, and approximately two weeks later he transferred plaintiff from her position in Troop L to a menial administrative position at headquarters that is substantially inferior to the position as Master Sergeant in Troop L. The position is over an hour from her residence.

25. The transfer was in retaliation for plaintiff's status as a whistleblower.

26. Since that time, plaintiff has been subjected to retaliation and humiliation at her new position. She is given menial work assignments, is not recognized by her commanders at headquarters, and is forced to endure a hostile, sub-standard work environment.

27. In retaliation for plaintiff's status as a whistleblower and raising issues of public concern to officials outside the Department of Public Safety, the defendants, each of them, jointly and severally, engaged in retaliatory acts toward the plaintiff, including, but not limited to, the above.

28. The acts of the defendants were intentional and inspired by malice.

29. As a direct and proximate result of the acts and omissions complained of herein, the plaintiff has suffered ascertainable economic loss, emotional distress, and a loss of her right of free speech.

    WHEREFORE, the plaintiff seeks damages as follows:

    a. Compensatory damages;

    b. Punitive damages;

    c. Attorney's fees and costs arising under 42 U.S.C. § 1988;

    d. All damages permitted by law under C.G.S.A. § 31-51q; and

    e. For such other and further relief that this Court deems fair and equitable.

30. The plaintiff claims trial by jury in the matter.

RESPECTFULLY SUBMITTED,
THERESA FREEMAN, PLAINTIFF,

By:   /s/ John F. Geida /s/
John F. Geida, Esq.
Fed. Bar No. ct27468
Norman A. Pattis, Esq.
Fed. Bar No. ct13120
The Law Offices of Norman A. Pattis, LLC.
649 Amity Road
Bethany, CT 06524
Tel. 203 393-3017
Fax. 203 393-9745
jgeida@pattislaw.com
napatty1@aol.com

Her Attorneys.